## 23603. GILMER *v.* THE STATE.

DECIDED MARCH 29, 1934.

*W. N. Oliver, R. W. Smith Jr.,* for plaintiff in error.
*Robert McMillan, solicitor-general,* contra.

MACINTYRE, J. Bigham Gilmer was convicted of manufacturing liquor, and the only question for determination is whether the trial judge erred in overruling his motion for a new trial containing only the general grounds.

The venue was proved. The State's case is substantially as follows: "Just before Christmas, 1931," Marvin Lawson, sheriff of

Hall county, and others found ten or twelve men at the defendant's home. They "went around the barn and found a half gallon of liquor in the strawstack." They then went about four or five hundred yards below the defendant's barn and, "just outside of the pasture fence," found "a still and the beer ready to run." They found two mules and a horse in the barn and a wagon nearby, and "there had been one mule and one horse driven off from the barn to the still." There was "dusty meal" in the wagon, and meal is used in making liquor. The tracks of a mule and horse and wagon went "directly from the still to defendant's barn" twice. The tracks made by one of the animals corresponded with the tracks of one of the mules found in the barn. One of the mules had a shoe off. These tracks "went within a few steps of the still and turned and . . went through the hallway of the barn," and the road led to no other place than the barn. The still was about "ten or fifteen steps" outside the defendant's pasture, and "there were no tracks in any other way from the still except to defendant's house." There were signs showing that fire had been built in the still-furnace several times, and the still had been operating. No State's witness knew whether or not the still was located on the defendant's land.

The defendant stated to the jury that he did not have a wagon and had to get Mr. Griffin's wagon "to haul wood that day," and that "he brought a little stove-wood at the house" and "there was bark lying in the back of the wagon," and that he, defendant, did not know that the still was there, and had nothing whatever to do with it. The defendant introduced evidence to the effect that a boy had hauled wood with the defendant's team in the wagon found at his barn on the day the still was found; that the defendant was working regularly at a gin; that because a bridge was down the public passed through the defendant's barn; that there were other roads leading to the still, and that wagon tracks were seen at the still the day after it was found; that other people lived nearer the still than did the defendant; that the defendant's pasture fence was ninety-one steps from the still, and his house 918 steps from the still; that the still did not appear to have been used in a year; and that the still was not on the defendant's land.

Sheriff Marvin Lawson, recalled by the State, testified that when the defendant told him that he had been hauling wood, he, Lawson, called the defendant's attention to the fact that the tracks in ques-

tion were the only ones leading through his barn; that he showed the defendant the tracks, and the defendant couldn't show him where he had cut any wood; and that "there was no other outlet from the still than the way we followed the tracks, and there wasn't any other travel from the still."

Had the jury seen fit to believe the defendant's evidence, they most likely would have acquitted him, but evidently they accepted as true the evidence introduced by the State; and this court is of the opinion that the jury had the right to conclude that the proved facts excluded every reasonable hypothesis save that of the guilt of the accused.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*